UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILLIE B. ROBINSON,**

      **Plaintiff,**

v.                                                  **Case No. 8:05-cv-1246-T-TBM**

**MICHAEL J. ASTRUE,[1]**
**Commissioner of the United States**
**Social Security Administration,**

      **Defendant.**
                                     /

**O R D E R**

THIS MATTER is before the court on Plaintiff's **Amended Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA)** (Doc. 16). Defendant has filed a response indicating that he does not oppose the motion. (Doc. 17). Upon consideration of Plaintiff's motion and supporting affidavits, the court awards Plaintiff attorney's fees in the amount of $1,090.70 and costs in the amount of $275.00. This amount is to be paid pursuant to the Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. § 2412(d).

I.

Plaintiff filed an application for Supplemental Security Income payments, which was denied initially and upon reconsideration. The ALJ conducted a hearing and denied Plaintiff's

---

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

application, and Appeals Council affirmed the ALJ's decision. Subsequently, the Plaintiff filed this action seeking judicial review. The court remanded the matter pursuant to Sentence Six of 42 U.S.C. § 405(g) and administratively the case. See (Doc. 10). Upon motion of the Plaintiff advising that she received a fully favorable decision on remand, the court entered Judgment (Doc. 14) on February 6, 2007.

II.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Three conditions must be established before an award under the EAJA is appropriate. First, the claimant must file a timely application for fees. This requires the fee application to be filed within thirty days of the final judgment. Second, the claimant must qualify as the prevailing party. Third, the government's positions must not be "substantially justified" and no other special circumstances exist to make an award unjust. Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

In a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A). Shalala v. Schaefer, 509 U.S. 292 (1993). Because this court remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff, under Schaefer, is the prevailing party. Here, the motion for fees was filed within thirty days of final judgment. Furthermore, upon consideration, the government's position was not substantially justified in

2

this case, and the Commissioner's response does not contend otherwise.  Therefore, an award of fees under the EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate.  Andrews v. United States, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate.").  The EAJA provides:

> the amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412(d)(2)(A); see also Meyer v. Sullivan, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation.").  Plaintiff seeks a fee of $1,152.30 based on 5.1 hours of work performed in 2005 at an enhanced rate of $156.75 and 2.2 hours of work performed in 2006 at an enhanced rate of $160.40 per hour.  Plaintiff argues that this hourly rate is appropriate for work performed in 2006 and reflects cost of living increases from the 1996 EAJA amendments to the time the work was performed on the instant motion, as reflected by the Consumer Price Index for those years.

Determining the prevailing market rate for work of this type during the relevant time period is not so easily determined, and the court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988), *quoted in* Brungardt v. Comm'r of Soc.

3

Sec., No. 06-15681, 2007 WL 1354722, at *2 (11th Cir. May 9, 2007). This court has handled hundreds of Social Security appeals. Fee applications under the EAJA for work performed in 2006 typically seek hourly rates ranging from $125.00 to in excess of $150.00 per hour. Calculations related to increased cost of living in such applications vary as well. Very competent counsel performing this type legal work routinely seek only $125.00 per hour for their services. While others in this market may find their services under the EAJA to be more valuable, competent counsel are available to provide these services at an hourly rate less than that which the Plaintiff here seeks. The variation in fees sought by competent counsel in these cases and the availability of qualified attorneys at a lower hourly rate militates against a higher fee. On the other hand, Social Security counsel perform a valuable service to often needy individuals in dire circumstances.

Upon consideration, the court finds that increases in the cost of living justify enhancement of the $125.00 hourly rate established by the EAJA. On several occasions, this court has recognized that there has been some increase in the cost of living necessitating an award of fees at an hourly rate in excess of $125.00 per hour. Thus, this court previously found $138.00 to be the prevailing market rate during the relevant time frame of 2000-2001, see George v. Massanari, Case No. 8:00-cv-369-T-TBM (M.D. Fla. June 22, 2001); $147.00 for work performed before this court from June 2003 forward, see Phillips v. Barnhart, Case No. 8:03-cv-949-T-TBM (M.D. Fla. Dec. 17, 2004); and $155.00 for work performed before this court in Social Security cases from 2006 forward. See Brown v. Astrue, Case No. 8:06-cv-320-T-TBM (M.D. Fla. May 3, 2007). In light of this court's previous rulings regarding enhanced fees in Social Security cases, Plaintiff's counsel is entitled to an hourly rate of $147

4

for work performed in this case in 2005 and $155 for work performed in 2006.  The total hours expended and costs claimed by Plaintiff's counsel are reasonable.

Accordingly, it is **ORDERED** that Plaintiff's **Amended Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA)** (Doc. 16). to the extent set forth herein. Plaintiff is awarded attorney's fees in the amount of $1,090.70 and costs in the amount of $275.00.  Plaintiff's original motion for attorney's fees (Doc. 15) is **DENIED as moot**.

**Done and Ordered** at Tampa, Florida, this 23rd day of August 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


Copies to:
Counsel of Record